# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, as a next friend of K.J.F.,<br><br>Plaintiff,<br><br>vs.<br><br>SIOUX CITY COMMUNITY SCHOOL DISTRICT, IOWAJAG, INC., and ERICK E. DELEON,<br><br>Defendants. | CASE NO.: 5:15-cv-4246<br><br>MOTION FOR PSEUDONYM |

COMES NOW the Plaintiff, K.J.F., by and through her attorneys of record, under Rule 10(a) of the Federal Rules of Civil Procedure, and hereby states as follows:

1. Plaintiff is a minor child. Her initials are K.J.F.

2. Plaintiff's causes of action arise out of sex acts committed by a school employee with her.

3. Federal Rule 10(a) and Local Rule 10(d) require the complaint to name all the parties or litigants in the caption.

4. Federal Rule 5.2(a) and Local Rule 10(h) require the use of initials for a minor child.

5. Federal Rule 17(c) provides that a representative may bring an action on behalf of a minor.

6. Iowa Rule of Civil Procedure 1.210 provides that a "minor may sue by a next friend," if a conservator or guardian has not otherwise been appointed.[1]

---

[1] Often times, state law determines the issue of who is a real party in interest. *Dubuque Stone*

7. Here, the Plaintiff minor child's next friend is her mother.

8. Plaintiff seeks to use a pseudonym for her mother so as to further protect her own confidentiality. The facts giving rise to this case have been highly publicized by the media. Despite that, the identity of Plaintiff has not been revealed. By filing this action in her mother's name (because a court has not appointed anyone else), it will be easy for the public to determine who the minor child is, particularly when our local media often publishes the complaint to its peers.

9. This Court addressed the use of a pseudonym in *Doe v. Hartz*, 52 F.Supp.2d 1027 (N.D. Iowa 1999). The court stated:

> Rule 10(a) of the Federal Rules of Civil Procedure requires that the complaint in a lawsuit state the title of the action, which 'shall include the names of all the parties.' Several courts have opined that "[t]he intention of Rule 10 is to 'apprise the parties of the opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings.'" *Doe v. Hallock*, 119 F.R.D. 640, 643 n. 1 (S.D.Miss.1987) *(quoting Free Market Compensation v. Commodity Exchange, Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y.1983)); *accord Free Speech v. Reno*, 1999 WL 47310, *1 (S.D.N.Y. Feb. 1, 1999); Doe v. Shakur, 164 F.R.D. 359, 360 (S.D.N.Y.1996). As this court explained in *Heather K. v. City of Mallard, Iowa*, 887 F.Supp. 1249 (N.D.Iowa 1995), "Although the Federal Rules of Civil Procedure do not expressly prohibit use of pseudonyms for purposes of litigation, courts have recognized that 'lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties.' " Heather K., 887 F.Supp. at 1255 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974)); *accord Doe v. Indiana Black Expo, Inc.*, 923 F.Supp. 137, 139 (S.D.Ind.1996).2
>
> However, courts "have increasingly recognized an exception to this requirement in limited 'matters of a sensitive and highly personal nature.' " *Id.* (quoting *Deschamps*, 64 F.R.D. at 653); *accord Luckett v. Beaudet*, 21 F.Supp.2d 1029, 1029 (D.Minn.1998) ("Rule 10(a) notwithstanding, plaintiff claims her case fits within a limited realm of cases in which other interests —i.e., privacy and concern about

---

*Prods. Co. v. Fred L. Gray Co.*, 356 F.2d 718, 723 (8th Cir.1966).

embarrassment—outweigh the public's interest in open trials."). This exception does not swallow the rule, because "the fact that [the litigant] may suffer some personal embarrassment, standing alone, does not require the granting of his request to proceed under a pseudonym." *Frank*, 951 F.2d at 324.

The decision whether or not to allow the use of pseudonyms based on a need for anonymity in a particular lawsuit is left to the discretion of the court. Heather K., 887 F.Supp. at 1255 (citing, inter alia, James v. Jacobson, 6 F.3d 233, 235 (4th Cir.1993), and Frank, 951 F.2d at 323). Unfortunately, there is still no express standard to guide courts in exercising such discretion, because neither the Eighth Circuit Court of Appeals nor the United States Supreme Court has yet provided instruction on this issue, although both have permitted prosecution of suits under pseudonyms. *Compare id.* (noting the lack of such guidance and citing Supreme Court and Eighth Circuit cases permitting use of pseudonyms).

*In Heather K.*, this court looked for guidance to a decision of the Eleventh Circuit Court of Appeals:

> In *Doe v. Frank*, 951 F.2d 320 ( [11th Cir.] 1992), the plaintiff sought to proceed under a fictitious name to avoid social stigma that he argued would attach upon revelation of his alcoholism. The Eleventh Circuit concluded that a plaintiff may proceed anonymously in "exceptional cases," where he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " Id. at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir.1981)). The court identified three circumstances common to those cases where a plaintiff was permitted to proceed under a fictitious name. Those circumstances were:
>
>> (1) plaintiffs challenging governmental activity;
>>
>> (2) plaintiffs required to disclose information of the utmost intimacy; and
>>
>> (3) plaintiffs compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution.

*Frank*, 951 F.2d at 323 (citing *Stegall*, 653 F.2d at 185). The factors enumerated in *Frank* and *Stegall* were not intended as a " 'rigid, three-step test for the propriety of party anonymity.' " *Id.* (quoting Stegall, 653 F.2d at 185). The mere presence of one factor was not meant to be dispositive, but rather, these factors were "highlighted

merely as factors deserving consideration." *Id.* Instead, a court must "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiffs' identity should yield to the plaintiff's privacy concerns." *Id.; see also* [*Methodist Univ. Ass'n of Women Law Students v.] Wynne & Jaffe*, 599 F.2d [707,] 713 [(5th Cir.1979)].

*Heather K.*, 887 F.Supp. at 1255–56; *accord Luckett*, 21 F.Supp.2d at 1029 ("Although the listed factors [from *Frank* and *Stegall*] are not exhaustive, they provide valuable guidance.").

Some recent decisions have added to the three pertinent considerations suggested in *Frank* and *Stegall.* These decisions suggest consideration of (4) whether the plaintiff would risk injury if identified; (5) whether the party defending against a suit brought under a pseudonym would thereby be prejudiced, *see Free Speech*, 1999 WL 47310 at *2 (citing *Shakur*, 164 F.R.D. at 360, as considering these factors in addition to the three cited in *Frank* ); (6) the extent to which the identity of the litigant has been kept confidential; (7) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, see *id.* (citing *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D.Pa.1997), for these last two factors); and (8) whether the interests of children are at stake. *Indiana Black Expo, Inc.*, 923 F.Supp. at 139. The ultimate test, however, remains "whether the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.' " *See Frank*, 951 F.2d at 323; *accord Heather K.*, 887 F.Supp. at 1256 (quoting Frank ); *Free Speech*, 1999 WL 47310 at *2 (also quoting Frank ); *Indiana Black Expo, Inc.*, 923 F.Supp. at 139 (also quoting Frank ).

*Doe v. Hartz*, 52 F.Supp.2d 1027, 1045-47 (N.D. Iowa 1999).

10. As it relates to this case, the intention behind Rule 10 will still be met through the use of a pseudonym and Plaintiff's identity will be protected. The Defendants already know the student's name[2] and, therefore, will not be prejudiced by the use of a pseudonym. Moreover, extra precaution should be taken in this instance, since the

---

[2] Each Defendant received notice of, and responded to, certain claims filed by the Plaintiff with the Iowa Civil Rights Commission

plaintiff is a minor child challenging a governmental entity and is and will be disclosing information of the utmost intimacy.

WHEREFORE, Plaintiff respectfully requests an order sustaining Plaintiff's motion to use pseudonym, and for such other appropriate relief as the Court finds just and equitable.

Dated: December 3, 2015.

    Respectfully submitted by:

**KEANE LAW FIRM,**

**BY:**   **/s/ Edward J. Keane**
**EDWARD J. KEANE, AT0004067**
**600 4TH STREET, SUITE 702**
**P.O. BOX 1379**
**SIOUX CITY, IA 51102**
**PHONE: 712/234-3088**
**FAX: 712/234-3077**

**ATTORNEY FOR PLAINTIFF**


**CROSS LAW FIRM, P.L.C.**

**BY:**   **/s/ Jeremy J. Cross**
**JEREMY J. CROSS, AT0001854**
**600 4TH STREET, SUITE 315**
**SIOUX CITY, IA 51101**
**PHONE: 712/234-30355**
**FAX: 712/234-7386**
**Email: jeremycross@crosslawplc.com**

**ATTORNEY FOR PLAINTIFF**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| JANE DOE, as a next friend of K.J.F., <br><br> Plaintiff, <br><br> vs. <br><br> SIOUX CITY COMMUNITY SCHOOL DISTRICT, IOWAJAG, INC., and ERICK E. DELEON, <br><br> Defendants. | No. C15-4246-MWB <br><br> **ORDER** |

_____

The motion (Doc. No. 2) for pseudonym is **granted**.

**IT IS SO ORDERED.**

**DATED** this 29th day of December, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE