# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>GRINNELL COLLEGE, RAYNARD S. KINGTON, SARAH MOSCHENROSS, ANGELA VOOS, ANDREA B. CONNOR, and BAILEY ASBERRY,<br><br>    Defendants. | No. 4:17-cv-079-RGE-SBJ<br><br>ORDER RE: PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM |

## I.   INTRODUCTION

A male student brings this suit against a private university and university employees based on the university's internal sexual assault investigation of him. The student seeks to proceed under a pseudonym. ECF No. 4. The university and the individual defendants[1] resist the motion. ECF No. 26. For the reasons set forth below, the Court grants Plaintiff's Motion for Leave to Proceed Under Pseudonym.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff John Doe, a resident of the state of Washington, was enrolled at Grinnell College from August 2014 to May 2016. Compl. ¶ 8, ECF No. 1. In November 2015, Grinnell informed Plaintiff that a Title IX report had been filed against him based on an August 2014 incident involving Jane Doe. *Id.* ¶¶ 33–34. Shortly thereafter, Plaintiff understood that Grinnell "decided not to pursue an investigation into Jane Doe's allegations." *Id.* ¶ 35. In February 2016, a second sexual assault report was filed against Plaintiff based on a summer 2015 incident involving Jane

---

[1] Defendants Grinnell College, Raynard S. Kington, Sarah Moschenross, Angela Voos, Andrea B. Connor, and Bailey Asberry are collectively referred to as "Defendants."

1

Roe. *Id.* ¶¶ 36–39. In April 2016, Grinnell provided Plaintiff with a "Notice of Investigation" addressing both the summer 2015 incident and the August 2014 incident. *Id.* ¶ 40. Plaintiff was ultimately expelled after the investigation concluded he was liable for violating Grinnell's sexual assault policies. *Id.* ¶¶ 69, 76 (reciting the outcome letter issued June 22, 2016, concluding Plaintiff was liable for violating two Grinnell policies: "Sexual Assault Non-consensual Sexual Contact," and "Sexual Assault Non-consensual Sexual Intercourse").

In March 2017, Plaintiff filed suit challenging Defendants' Title IX investigation. Plaintiff alleges: 1) Defendants violated the due process clause of the Fourteenth Amendment, *id.* ¶¶ 84–109; 2) Defendants violated Title IX of the Education Amendments Act of 1972, *id.* ¶¶ 110–35; 3) Grinnell breached the express and implied contracts between itself and Plaintiff in investigating the allegations against Plaintiff, *id.* ¶¶ 136–49; 4) Grinnell is liable for damages under theories of estoppel and reliance, *id.* ¶¶ 144–49; and 5) Defendants Grinnell, Moschenross, Voos, and Asberry are liable for damages under a theory of negligent misrepresentation, *id.* ¶¶ 150–55.

Plaintiff seeks to proceed with his suit using a pseudonym.[2] ECF No. 4; *see also* Pl.'s Reply Memo. Supp. Pl.'s Mot. Proceed Pseudonym, ECF No. 34. Defendants resist Plaintiff's motion, asserting there is a presumption against proceeding anonymously. ECF No. 26.

### III. LEGAL STANDARD

Rule 10(a) of the Federal Rules of Civil Procedure provides the "title of the complaint must name all the parties." To proceed under a pseudonym, Plaintiff must demonstrate he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded

---

[2] Plaintiff's motion also requests a protective order. ECF No. 4. Plaintiff requests this portion of his motion "be held in abeyance until the Court decides whether to permit Plaintiff to proceed under pseudonym." ECF No. 34 at 4. Within 30 days of the date of this order, Plaintiff shall file a separate motion and proposed protective order to the extent he continues to request a protective order. Alternatively, the parties may jointly file a proposed protective order.

2

presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)); *see also In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616, at *3 (E.D. Mo. Apr. 6, 2016). There is no Eighth Circuit or Supreme Court authority setting forth a test to determine whether a plaintiff should be permitted to proceed anonymously. *In re Ashley Madison*, 2016 WL 1366616, at *1; *Roe v. St. Louis Univ.*, No. 4:08CV1474JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009). Several other circuits have analyzed this issue. *See, e.g.*, *Doe v. Megless*, 654 F.3d 404, 409–10 (3d Cir. 2011) (setting forth a multi-factor test); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (same); *Frank*, 951 F.2d at 323 (same). The Second Circuit has comprehensively identified multiple factors a court should consider when determining whether a plaintiff should be allowed to proceed anonymously. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008). In balancing the plaintiff's privacy interests, the prejudice to the defendant, and the public interest, *id.* at 186–87, a court should consider:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189–90 (internal citations, quotations, and alterations omitted); *see also* Order re: Pl.'s Mot. Proceed Pseudonymously, *Doe v. Univ. of St. Thomas*, No. 0:16-cv-01127, ECF No. 35 (D. Minn.

3

May 25, 2016) (applying the *Sealed Plaintiff* factors under similar facts). The Second Circuit called these factors "non-exhaustive" and noted a court may consider additional factors "relevant to the particular case under consideration." *Sealed Plaintiff*, 537 F.3d at 189–90. Ultimately, "this factor-driven balancing inquiry requires a district court to exercise its discretion in the course of weighing competing interests." *Id.* at 190.

**IV.   DISCUSSION**

The Court considers whether this Plaintiff should be allowed to continue his lawsuit against Defendants using a pseudonym. Looking to the first factor of the *Sealed Plaintiff* test, the allegations involve intimate details of the sexual acts between Plaintiff and the Title IX complainants. Courts considering factually similar cases have weighed the personal nature of the allegations in favor of allowing the plaintiff to proceed under pseudonym. *See Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) (collecting cases where a plaintiff was allowed to proceed anonymously either by consent or on motion based in part on the personal nature of the allegations). This type of case in particular—a suit by a male who was the subject of a university sexual assault investigation—has been in the national spotlight since the 2011 "Dear Colleague Letter," often cited as a catalyst for "[t]his wave of litigation." *Id.* at *2 (quoting *Doe v. Brown Univ.*, 166 F. Supp. 3d 177, 181 (D.R.I. 2016) (alteration in original)). In many cases of this kind, defendants consent to the plaintiff's use of a pseudonym. *See, e.g.*, Def.'s Letter Resp. Pl.'s Mot. Leave Proceed Under Pseudonym at 1, *Doe v. Columbia Univ. & Trs. of Columbia Univ.*, No. 1:14-cv-03573 (S.D.N.Y. July 9, 2014), ECF No. 19 (noting uncontested motion); Order, *Doe v. Univ. of S. Fla. Bd. of Trs.*, No. 8:15-cv-682 (M.D. Fla. May 29, 2015), ECF No. 11 (dismissing the suit and indicating no opposition to the motion to proceed under pseudonym); Order Granting Mot. Leave File Compl. as Pseudonymous Pl., *Doe v. Univ. of Mass.–Amherst*, No. 3:14-cv-30143 (D. Mass. Mar. 30, 2015), ECF No. 30 (text order granting ex parte motion); Order at 3, *Doe v. Univ. of Mont.*, No. 9:12-cv-077 (D. Mont.

June 26, 2012), ECF No. 20 (dismissing the suit as moot and confirming the unconsented motion). While the intimate nature of the suit alone is insufficient to justify Plaintiff's use of a pseudonym, here it weighs in favor of allowing him to proceed under a pseudonym. *See Doe v. Hartz*, 52 F. Supp. 2d 1027, 1047 (N.D. Iowa 1999).

Other factors do not weigh in favor of maintaining Plaintiff's anonymity. Plaintiff is an adult, not a minor. *See Sealed Plaintiff*, 537 F.3d at 190 (fourth factor); *see, e.g.*, *Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 729–30 (W.D. Va. 2012) (considering factors similar to *Sealed Plaintiff* and citing cases noting that "college students may still possess the immaturity of adolescence" but finding the college-student plaintiff did not possess the "'special vulnerability' of a child-plaintiff" (quoting *Yacovelli v. Moeser*, No. 1:02CV596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004); *Stegall*, 653 F.2d at 186)). Also weighing against Plaintiff's anonymity is the fact that Plaintiff is suing private individuals and entities, not a governmental entity. *See Sealed Plaintiff*, 537 F.3d at 190 (fifth factor); *Frank*, 951 F.2d at 323–24; *Pittsylvania County*, 844 F. Supp. 2d at 730.

The determinative factor here is that the disclosure of Plaintiff's identity would cause "the injury litigated against [to] be incurred as a result of [the] disclosure." *Sealed Plaintiff*, 537 F.3d at 190 (third factor). Plaintiff requests damages based in part on the harm to his reputation and future prospects. ECF No. 1 ¶¶ 106, 108, 134, 142, 149, 155. Using Plaintiff's name would diminish or eliminate the available relief should he succeed on some or all of his claims. *See Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. Va. 2016) ("If [Doe] were not allowed to proceed anonymously, part of the relief he seeks—expungement of his student record—would fall short of making him whole: the cat would have already been let out of the bag."); *see also* Order at 4, *Univ. of St. Thomas*, No. 0:16-cv-01127, ECF No. 35 (citing *Alger* and concluding "forcing Mr. Doe to proceed under his true name would guarantee a permanent label as a sexual offender, discoverable with a simple Google search; that is arguably worse than the reputational harm he complains of

5

from the University's currently confidential disciplinary proceedings"). Plaintiff faces potential retaliatory and emotional harm if his identity is disclosed as challenging Grinnell's Title IX investigation. *See Sealed Plaintiff*, 537 F.3d at 190 (second and third factors). This potential harm can be prevented by allowing Plaintiff to proceed under a pseudonym. Given the legal nature of Plaintiff's arguments, the public's interest in knowing Plaintiff's identity appears to be "atypically weak." *Id.* (ninth factor). In balancing his interest against the public's interest, the Court notes any interest the public has in the investigation is not "furthered by requiring the plaintiff to disclose his identity." *Id.* (eighth factor).

Both parties point to this Court's recent order denying a plaintiff's motion to proceed under pseudonym in another Title IX case. Order re: Pl.'s Mot. Proceed Under Pseudonym, *Doe v. Drake Univ.*, No. 4:16-cv-623, ECF No. 40 (S.D. Iowa June 13, 2017). The Drake decision was fact-specific, and the Drake case facts are easily distinguishable from this case, rendering that order of limited persuasive value here. Unlike in the Drake case, there have been no efforts to gain publicity by any party or related party. *Cf. id.* at 6–9. There has been no disclosure of Plaintiff's identity through his case or other related cases. *See Sealed Plaintiff*, 537 F.3d at 190 (seventh factor); *cf. Doe v. Drake Univ.*, No. 4:16-cv-623, ECF No. 40 at 6. There has been limited media coverage of the case, and the one newspaper article highlighted by Defendants does not reveal Plaintiff's identity, does not delve into the facts of the present suit, and does not discuss Plaintiff's personal history. *Cf.* Order at 6–8, *Drake Univ.*, No. 4:16-cv-623, ECF No. 40 (citing eight articles disclosing the plaintiff's identity and personal history and discussing the facts of the case before the court in great detail). The stark contrast between the Drake case and the Grinnell case highlight the fact-specific analysis the Court must engage in to determine whether to allow a plaintiff to proceed under pseudonym.

Additionally, in this case, Grinnell identifies no prejudice it will suffer should Plaintiff proceed anonymously. *See Sealed Plaintiff*, 537 F.3d at 190 (sixth factor). Defendants know

6

Plaintiff's true identity and "will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly." *Colgate Univ.*, 2016 WL 1448829, at *3 (citing *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers.")).

Balancing all the factors, the Court finds Plaintiff's interest in proceeding under a pseudonym outweighs "both the public interest in disclosure and any prejudice to the [D]efendant[s]." *Sealed Plaintiff*, 537 F.3d at 189. Allowing Plaintiff to proceed under a pseudonym is presently the best way to protect his confidentiality. *See id.* at 190 (tenth factor). The Court concludes the *Sealed Plaintiff* factors weigh strongly in favor of allowing Plaintiff to proceed under a pseudonym.

V. **CONCLUSION**

Balancing Plaintiff's privacy interests, the lack of harm to Defendants, and the weak public interest in knowing Plaintiff's identity, the Court finds the factors weigh in favor of allowing Plaintiff to proceed under a pseudonym.

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed Under Pseudonym, ECF No. 4, is **GRANTED**.

Dated this 10th day of July, 2017.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE