# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>BILL MCCARTHY; ET AL.<br><br>Defendants. | Case No: 4:19-cv-96<br><br><br>PLAINITFFS MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER |

COMES NOW Plaintiff, by his attorneys, and hereby seeks authorization to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the nature of the claims and allegations contained in the Complaint, Plaintiff is justifiably concerned about the sensitive and highly personal nature of the claims and is justifiably concerned regarding the possibility of risk of retaliatory physical or mental harm. Plaintiff's identity as described in the Complaint should not be disclosed to the public due to the nature of the allegations in the Compaint. See Declaration of Counsel attached to Plaintiffs Ex Parte Motion to Proceed Under Peudonym and for Protective Order.

Plaintiff is prepared to provided a statement of his true identity under seal upon the Court's request.

I declare under penalty of perjury that the foregoing is true and correct, pursuant to Title 28, U.S.C., Section 1746.

## ARGUMENT

Many federal courts have permitted parties to proceed anonymously when special circumstances arise. Generally, in determining whether to permit a party to proceed anonymously, a court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Does I Thru XXIII v. Advanced Textile Corp., 214 F. 3d 1058, 1068 (9th Cir. 2000). The Second Circuit has articulated a nonexhaustive list of factors to consider when conducting this balancing test: (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice, if any, differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. Doe v. Cuomo, No. 10-CV-1534 TJM/CFH, 2013 WL 1213174, at *5 (N.D.N.Y. 2013).

In assessing the issue, Courts have consistently held that anonymity is not for cases where a party "merely cites personal embarrassment as the basis of the need for confidentiality." Nat'l Ass'n of Waterfront employers v. Chao, 587 F. Supp.2d 90, 99-100 (D.D.C. 2008). But where "anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature," courts may weigh the need to proceed pseudonymously against the opposing partys' and public's interests in the party's identity. Qualls v. Rumsfeld, 228 F.R.D 8, 10 (D.D.C. 2005)

As outlined below, a balancing of these factors leads to the inevitable conclusion that Plaintiff must be permitted to proceed anonymously in this litigation.

### A. The litigation involves matters that are highly sensitive and of a personal nature and placed Plaintiff at risk of retaliatory physical and/or mental harm.

Plaintiff should be permitted to proceed under a pseudonym given the highly sensitive and personal nature of this litigation. Plaintiff does not merely contend that the revelation of his name would result in embarrassment or public humiliation. Plaintiff is a federal inmate still in the custody of the Bureau of Prisons ("BOP"). This matter involves sensitive and private medical information regarding Plaintiff's medically diagnosed conditions of Hepatitis C and HIV. The basis of Plaintiffs claims revolve around these private diagnosed medical conditions. Failure to provide anonymity to Plaintiff will result in public disclosure, including all inmates and non-medical staff at any prison where Plaintiff remains in custody.

The nature of Plaintiffs medical conditions place him at risk within the prison population of retaliation of physical or mental harm. As noted, Plaintiff is in the custody of BOP. Currently his medical conditions are not known to the general prison population. Requiring Plaintiff to

identify himself, would immediately give notice of his medical conditions to all inmates at any facility where his is held.  Inmates with medical conditions Hepatisis C and HIV are at increased risk of retaliation or harm by other inmates within the prison system.  Anonymity is necessary to protect Plaintiff from this increased risk of harm.

### B. Defendants will not be prejudiced by allowing Plaintiff to proceed pseudonymously.

Plaintiff should be permitted to proceed anonymously as Defendants will not be prejudiced in any way by proceeding against an anonymous party. "Other than the need to make redactions and take measures not to disclose plaintiff's identity, Defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." Doe No. 2 v. Kolko, 242 F.R.D. 193, 198 (E.D.N.Y. 2006). Significantly, Defendants are already aware of Plaintiff's true identity. Thus, there is no doubt that Defendants will have an unobstructed opportunity to conduct discovery, present their defenses and litigate this matter, regardless of whether Plaintiff identifies himself or proceeds anonymously.

Moreover, the BOP maintains a detailed dossier on Plaintiff known as his "central file".  Every party named herein is personally aware of every other  party, and the specific events at issue.  Anonymous filing is sought to protect John Doe's true identity from the public at large and especially the prison population.   Accordingly, Plaintiff must be permitted to proceed anonymously in this action as revealing his name will cause significant prejudice to Plaintiff, while proceeding anonymously will not hinder Defendants in any way.

### C. There is a weak public interest in knowing Plaintiff's identity.

Plaintiff should also be permitted to proceed in this action anonymously as the public does not have a strong interest in knowing his identity. Considering the purely legal nature of the claims presented, there is a weak public interest in learning Plaintiff's identity as an individual. The public's interest in this matter would not be furthered by disclosing Plaintiff's identity.

While in the past, courts strongly disfavored allowing plaintiffs to proceed anonymously except in extreme circumstances, the nature of the Internet today is such that any Plaintiff's identity is readily accessible via a simple online search; thus, courts must be willing to afford additional protective measures to avoid further damage to a plaintiff, including the likelihood of retaliatory measures taken by other inmates against Plaintiff. Moreover, there is an expectation of privacy regarding Plaintiff's medical conditions. The public would otherwise have no right to or access to the sensitive and highly personal information regarding Plaintiff's medical conditions and as such has no interest in said information.

Based on the foregoing, in consideration of the balancing of relevant factors, the Court should allow Plaintiff to employ a pseudonym in this matter. The interests of Defendants and/or the public will not be harmed if Plaintiff's name is not revealed.

### CONCLUSION

For these reasons and such other reasons as may appear just to the Court, Plaintiff John Doe requests that his Ex Parte Motion to Proceed Under Pseudonym and for Protective Order be granted in its entirety.

Respectfully Submitted,

  /S/ Jeffrey M. Janssen
Jeffrey M. Janssen    AT0013074
JANSSEN LAW, PLC
700 Second Avenue, Suite 103
Des Moines, Iowa 50309-1712
Telephone: (515) 274-9161
Facsimile: (515) 274-1364
Jeffrey@JanssenLawPLC.com
LEAD COUNSEL FOR PLAINTIFF

  /S/ Shane C. Michael
Shane C. Michael AT0005446
1200 Valley West Drive, Suite 204
West Des Moines, Iowa 50266
Telephone: (515) 2699-8645
Facsimile: (515) 225-6999
MichaelLawFirm@gmail.com
COUNSEL FOR PLAINTIFF

  /S/ Arielle M. Lipman
Arielle M. Lipman AT0013266
LIPMAN LAW FIRM, P.C.
1454 30th Street, Suite 205
West Des Moines, Iowa 50266
Telephone: (515) 276-3411
Facsimile: (515) 276-3736
Arielle@LipmanLawFirm.com
COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL NO: 4:19-cv-00096-RGE-CFB |
| | ) | |
| vs. | ) | |
| | ) | |
| BILL McCARTHY, et. al, | ) | |
| | ) | ORDER |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Motion to extend the deadline for Service of Process (ECF 5).  In reviewing the file, the Court noted several issues that need attention before this matter can proceed through Initial Review pursuant to 28 U.S.C. § 1915(A)(a).  The Court finds that a status conference with counsel may resolve some of these issues.  An Amended Complaint also might be required to clarify jurisdictional matters and identify claims for relief that are appropriate if Plaintiff is no longer in Iowa and not likely to return. Additionally, a deadline for the identification of the "Unknown" Defendants will be set.

The Prison Litigation Reform Act requires federal courts to review all prisoner complaints filed against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). On review, the Court must identify the cognizable claims or dismiss the complaint, or any part of it, that it determines; (a) is frivolous or malicious; (b) fails to state a claim upon which relief may be granted; or (c) seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

A claim is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1. **A Status Conference is set for 11:00 a.m. on July 11, 2019, by conference call with counsel.**  Counsel shall call 1-866-590-5055 and enter code 7013731 at the prompt.  Counsel will be asked to identify the dates that are relevant for the claims against each of the Iowa Defendants and each of the Federal Defendants, and to identify where this information is contained in the Complaint.   In order to better understand Plaintiff's prayer for relief, his current location and custody status shall be provided.  This will also help determine whether he is nearing a time for release or might otherwise return to Iowa. Counsel may provide this information in a sealed, *ex parte*, status report filed before the Status Conference, or include it in his signed *In Forma Pauperis* application (see discussion below).

2. Plaintiff's Motion for the Use of the Pseudonym "John Doe" (ECF 3) in his pleadings is granted.  Plaintiff indicates that he would like to have his personal identifiers (name, DOB, location) and medical records protected from public view.  Pursuant to Local Rule 5(c)(1), Plaintiff's request for a Protective Order is granted (ECF 3), authorizing the parties to file under seal, without a separate motion and order, portions of any documents that contain the personal or medical information about Plaintiff.  Only the portion of pleadings containing personal information, should be sealed.  Redacted versions should be provided for the public record.  All parties shall take care to avoid disclosing confidential information, including information about Plaintiff's criminal case.  Plaintiff shall review his pleadings to ensure that he is observing the level of protection to personal information that he expects from others.  The scope or continuation of any Protective Order will be revisited upon the appearance of Defendants.  The parties shall confer to agree upon the terms of a Proposed Stipulated Protective Order, in order to set up a framework for production and filing of documents relating to Plaintiff's medical issues or treatment.

3. The Court finds that due to the additional information needed before completion of the Initial Review, Plaintiff's motion for extension of time to complete Service of Process (ECF 5) is granted. Pursuant to Fed. R. Civ. P. 4(m), the Court will set an appropriate period for completion of Service of Process as part of the Initial Review Order.

4. The Court notes that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (IFP) (ECF 1) was signed electronically by Plaintiff, under penalty of perjury.  Pursuant to Local Rule 5A(g)(7), the original paper version of this declaration, bearing the original signature of Plaintiff, must be maintained by the filer during the pendency of the case and for five years after the filing

of the document; it must be filed promptly if ordered by the Court. The Court so orders. **By July 29, 2019,** Plaintiff shall file, the original version of this document, with the original signature of Plaintiff; this document may be filed electronically *ex parte* and under seal. The Clerk shall docket this as Application for IFP Status with Original Signature. Once this document is filed, and a determination is made as to when or whether an Amended Complaint will be filed, the Application for IFP status will be ruled upon, and a deadline for Service of Process set.

      IT IS SO ORDERED.

      Dated this 3rd day of July, 2019.

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**