# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

JOHN DOE,

       Plaintiff,

v.

DORDT UNIVERSITY f/k/a DORDT
COLLEGE; DORDT UNIVERSITY BOARD
OF TRUSTEES; HOWARD WILSON,
individually and as agent for Dordt University;
ROBERT TAYLOR, individually and as agent
for Dordt University; DEREK BUTEYN,
individually and as agent for Dordt University;
and ERIN OLSON, individually and as agent
for Dordt University,

       Defendants.

Civil Action NO: 19-cv-4082

**ANSWER TO COMPLAINT**

Defendants, Dordt University f/k/a Dordt College ("Dordt"), Dordt University Board of Trustees, Howard Wilson, Robert Taylor, Derek Buteyn, and Erin Olson (collectively, "Defendants"), for their Answer to the Complaint Plaintiff John Doe[1] ("Doe" or "Plaintiff") filed, admit, deny and allege, Paragraph by Paragraph, as follows.[2]

## THE NATURE OF THIS ACTION

1.    Defendants admit that Dordt University resolved a complaint of sexual assault filed on behalf of Jane Roe[3] against Plaintiff. Defendants also admit that Dordt found that Doe committed multiple violations of the Student Code of Conduct (most of which he admitted) and dismissed him from Dordt. Defendants deny all remaining allegations in Paragraph 1.

---

[1] Defendants admit the allegations in Footnote 1.
[2] Defendants admit the allegations in Footnote 2.
[3] Defendants admit the allegations in Footnote 3.

2.     Defendants admit that Dordt is a Christian university that provides "a biblical, Christ-centered education." Defendants further admit that Dordt maintains a Student Code of Conduct, set forth in its Student Handbook, which comports with its religious philosophy. Defendants admit that Dordt maintains Sexual Conduct and Misuse of Alcoholic Beverages policies. Dordt's policies and its Student Handbook are written documents which speak for themselves, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants admit that Dordt's Student Handbook provides that Dordt will not pursue discipline against a student who discloses the use of alcohol or drugs while making a good faith complaint of sexual misconduct. Defendants deny the remaining allegations in Paragraph 2.

3.     Defendants deny the allegations in Paragraph 3.

4.     Defendants admit that Dordt provides additional information regarding Title IX in its Annual Security report. Defendants deny the remaining allegations in Paragraph 4.

5.     Defendants deny the allegations in Paragraph 5.

6.     Defendants admit that Plaintiff (who was over the age of 21) met Jane Roe on the evening of February 2, 2018. Defendants admit that Plaintiff took Roe and her friend (both of whom were under the age of 21) to his apartment where, in violation of the law and Dordt's policies, he provided them with alcohol he had purchased. Defendants also admit that Plaintiff and Roe then engaged in sexual activity (including, but not limited to, intercourse) while the minor Roe was incapacitated and therefore unable to consent. Defendants are unable to admit or deny whether Roe or Plaintiff consumed more alcohol than the other, but admit that Plaintiff described his own level of intoxication as "just a little buzzed," while relevant witnesses described Roe as clearly intoxicated. Defendants admit that third parties initially reported Plaintiff's violations of Title IX. Defendants deny the remaining allegations in Paragraph 6.

2

7.    Defendants admit that, following an investigation and disciplinary hearing, Plaintiff was found to have engaged in multiple policy violations (many of which he admitted) so Dordt expelled him for approximately one year.  Defendants deny the remaining allegations in Paragraph 7.

8.    Defendants deny the allegations in Paragraph 8.

9.    Defendants admit that, following a unanimous decision of the Student Life Committee, Dordt gave Plaintiff a letter from Defendant Howard Wilson that informed Plaintiff of the Student Life Committee's findings and its disciplinary decision.  That letter is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 9.

10.    Defendants deny the allegations in Paragraph 10.

11.    Defendants admit that Dordt expelled Plaintiff following the Student Life Committee's unanimous decision.  Defendants further admit that Plaintiff submitted an untimely appeal of that decision, which Dordt's Title IX Appeals Committee nevertheless reviewed on the merits and denied.  Defendants deny the remaining allegations in Paragraph 11.

12.    Defendants deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13.

14.    Defendants admit that Plaintiff applied for and Dordt granted him readmission. Defendants admit that Plaintiff completed his degree by transferring credits and taking two online courses.  Defendants deny the remaining allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants admit that Plaintiff wants monetary and injunctive relief but deny the veracity of Plaintiff's allegations and deny that he is entitled to such relief.

## THE PARTIES

20.     Defendants lack sufficient information to admit Plaintiff's state of residency and therefore deny that allegation.  Defendants deny the remaining allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

22.     Defendants admit the allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants admit the allegations in Paragraph 24.

25.     Defendants admit the allegations in Paragraph 25.

26.     Defendants admit the allegations in Paragraph 26.

## JURISDICTION AND VENUE

27.     Defendants do not contest subject matter jurisdiction under 28 U.S.C. § 1331. Defendants lack sufficient information at this time to admit that the amount in controversy exceeds $75,000, and therefore deny that allegation.   Defendants admit that this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.  Defendants deny any allegations contained in Paragraph 27 not specifically admitted herein.

28.     Defendants do not contest personal jurisdiction.

29.     Defendants do not contest personal jurisdiction.

30.     Defendants do not contest venue.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### I.    BACKGROUND

#### A.    Defendants Deny the Allegations in Plaintiff's Subheading I(A)

31-49.  In Paragraphs 31-49 of his Complaint, Plaintiff, through his counsel, sets forth an editorialized overview of the United States Department of Education's April 2011 "Dear Colleague Letter" and somewhat-related news coverage and litigation.  All of the documents, court decisions, and media excerpts referred to in Paragraphs 31-49 speak for themselves. Defendants deny that they are relevant to this matter and deny any allegations that misstate, mischaracterize, or misconstrue them.  Defendants deny any allegations contained in Paragraphs 31-49 not specifically admitted herein.

#### B.    Defendants Deny the Allegations in Plaintiff's Subheading I(B)

50.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 50.

51.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 51.

52.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 52.

53.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 53.

54. Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 54.

55. Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 55.

56. Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 56.

57. Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

58. Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

59. Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

60. Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

61. Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations

6

that misstate, mischaracterize, or misconstrue it.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants specifically deny the quoted language "summed up Dordt's understanding of Title IX's requirements."

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

### C.     Defendants Deny the Allegations in Plaintiff's Subheading I(C)

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants admit that the Dordt Diamond article titled "Federal Government Updates Title IX Policy" is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the first sentence of Paragraph 69.  Defendants admit that the Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants admit that Dordt sought a religious exemption from certain applications of Title IX related to transgender issues.  Defendants deny the remaining allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants admit that the quoted language is included in the preamble to the section of Dordt's Annual Security Report titled "Campus Sexual Assault/Rape Policy." Defendants deny that this language constitutes the entirety of Dordt's Sexual Assault policies,

which are written in gender-neutral terms and specifically state that "[s]exual misconduct can be committed by men or women, and it can occur between people of the same or different sex."

72.     Defendants admit that Dordt's Annual Security Report does not include a statistic regarding the incident of sexual assaults on male victims.   Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants admit that the quoted language is included in the preamble to the section of Dordt's Annual Security Report titled "Campus Relationship Violence/Domestic Violence Policy."   Defendants deny that this language constitutes the entirely of Dordt's domestic violence policies, which are written in gender-neutral terms.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants admit that the term "her" is used occasionally in the section of Dordt's Annual Security Report titled "Campus Relationship Violence/Domestic Violence Policy." Defendants deny that Dordt defines victims or complainants as exclusively female.   Defendants deny the remaining allegations in Paragraph 75.

76.     Defendants admit that the term "her" is used occasionally in the section of Dordt's Annual Security Report titled "Campus Relationship Violence/Domestic Violence Policy." Defendants deny that Dordt defines victims or complainants as exclusively female.   Defendants deny the remaining allegations in Paragraph 76.

77.     Defendants admit that the quoted language is included in the preamble to the section of Dordt's Annual Security Report titled "Campus Stalking Policy."   Defendants deny that this language constitutes the entirely of Dordt's stalking policies, which are written in gender-neutral terms, including the express statement that stalking is conduct that would cause a reasonable person to "fear for his or her safety."

78.     Defendants admit that Dordt's Annual Security Report does not include a statistic regarding the incident of stalking on male victims.  Defendants deny the remaining allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants admit that the Dordt Diamond article titled "A Time to Consider Sexual Assault Awareness" is a written document that speaks for itself and deny any allegations that misstate, misconstrue, or mischaracterize it.  Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that the Dordt Diamond article titled "A Time to Consider Sexual Assault Awareness" is a written document that speaks for itself and deny any allegations that misstate, misconstrue, or mischaracterize it.  Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit that The Banner article titled "Rape Culture and Christian Colleges" is a written document that speaks for itself and deny any allegations that misstate, misconstrue, or mischaracterize it.  Defendants deny the remaining allegations in Paragraph 83.

84.     Defendants admit that The Banner article titled "Rape Culture and Christian Colleges" is a written document that speaks for itself and deny any allegations that misstate, misconstrue, or mischaracterize it.  Defendants deny the remaining allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

II.    **Defendants Deny the Allegations in Plaintiff's Subheading II.**

   A.    **Plaintiff and Jane Roe.**

88.    Defendants admit that Plaintiff began taking classes at Dordt in the fall of 2014. Defendants lack sufficient information to admit when Plaintiff expected to graduate and therefore deny that allegation.

89.    Defendants admit the allegations in Paragraph 89.

90.    Defendants deny the allegations in Paragraph 90.

91.    Defendants are aware that Plaintiff had a sexual relationship with another student, A.D. Defendants lack sufficient information to admit the remaining allegations in Paragraph 91 and therefore deny them.

92.    Defendants admit the allegations in Paragraph 92.

93.    Defendants admit Plaintiff consumed alcohol at the concert. Defendants deny the remaining allegations in Paragraph 93.

94.    Defendants deny that Roe poured all of her own alcoholic drinks and deny that Plaintiff and Roe consumed the same number of alcoholic drinks. Defendants admit the remaining allegations in paragraph 94.

95.    Defendants admit Plaintiff walked A.D. back to her dorm. Defendants deny the remaining allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96.

97.    Defendants admit the allegations in Paragraph 97.

98.    Defendants deny the allegations in Paragraph 98.

99.    Defendants admit that Plaintiff asked Roe to leave his apartment with him. Defendants further admit that Plaintiff's roommate offered to leave with them because Roe was

intoxicated, but Plaintiff refused. Defendants admit that Plaintiff's roommate expressly warned Plaintiff not to have sexual intercourse with Roe, an intoxicated minor. Defendants deny the remaining allegations in Paragraph 99.

100. Defendants admit that Plaintiff and Roe left Plaintiff's apartment. Defendants deny that Plaintiff was intoxicated, but admit that Roe was intoxicated. Defendants admit that Plaintiff could walk without assistance but deny that Roe was able to walk without assistance. Defendants admit that, after kissing in the stairwell, Plaintiff asked Roe to accompany him to Plaintiff's car, and that they ended up in Plaintiff's car.

101. Defendants admit that Plaintiff engaged in non-consensual oral sex with Roe while Roe was incapacitated due to alcohol consumption. Defendants lack sufficient information to admit the remaining allegations in Paragraph 101 and therefore deny them.

102. Defendants admit that Plaintiff retrieved a condom and had sexual intercourse with Roe. Defendants further admit that Roe was incapacitated due to alcohol consumption when Plaintiff had sexual intercourse with her, but deny that Plaintiff was intoxicated. Defendants deny the remaining allegations in Paragraph 102.

103. Defendants admit that A.D. began to call and text Roe while Plaintiff had sexual intercourse with her. Defendants further admit that A.D. did so after she received a text from Plaintiff's roommate in which he expressed concern that Plaintiff was having sexual intercourse with Roe despite the roommate's warning that Plaintiff should not do so because Roe was incapacitated due to alcohol consumption. Defendants deny the remaining allegations in Paragraph 103.

104. Defendants lack sufficient information to admit the amount of time that passed between sexual intercourse and Plaintiff driving Roe back to her dorm. Defendants deny that

Roe walked inside unassisted, as A.D. met Roe in the parking lot and walked her to her dorm room. Defendants deny the remaining allegations in Paragraph 104.

105. Defendants lack sufficient information to admit the allegations in paragraph 105 and therefore deny them.

106. Defendants admit that, the following day, Roe discussed her sexual encounter with Plaintiff with two friends. Defendants deny the remaining allegations in Paragraph 106.

107. Defendants admit that, had Roe engaged in a consensual sexual encounter with Plaintiff, and had Dordt learned that Roe and Plaintiff had engaged in consensual conduct that violated the Student Code of Conduct, they may have both been subject to discipline. However, Roe was unable to provide consent during her sexual encounter with Plaintiff due to her level of intoxication and therefore Dordt did not discipline her for it. Dordt denies the remaining allegations in Paragraph 107.

108. Defendants admit that there have been occasions where Dordt students have reported Code of Conduct violations committed by other students. Defendants deny the remaining allegations in Paragraph 108.

109. Defendants admit the allegations in Paragraph 109.

110. Defendants admit that, during Dordt's Title IX investigation, S.S. expressed concerns regarding Plaintiff's frequent misuse of alcohol and his interactions with female students. Defendants lack sufficient information to admit the remaining allegations in Paragraph 110 and therefore deny them.

111. Defendants deny the allegations in Paragraph 111.

112.    Defendants admit that Dordt did not discipline Roe for drinking the alcohol Plaintiff furnished to her, which she disclosed during her good faith report of Plaintiff's sexual misconduct.  Defendants deny the remaining allegations in Paragraph 112.

113.    Defendants deny the allegations in Paragraph 113.

**B.      Defendants    Deny    the    Allegations    in    Plaintiff's Subheading II(B)**

114.    Defendants admit that, on February 9, 2018, Defendants Robert Taylor and Derek Buteyn approached Plaintiff in a lounge area on campus and requested that Plaintiff meet with them in Taylor's office.  Defendants deny the remaining allegations in Paragraph 114.

115.    Defendants admit the allegations in the first sentence of Paragraph 115. Defendants lack sufficient information to admit or deny Plaintiff's understanding of the interview, but admit that Defendant Robert Taylor informed Plaintiff during the interview that Dordt was investigating allegations that he had engaged in non-consensual sexual activity and provided alcohol to an underage student.   Defendants deny the remaining allegations in Paragraph 115.

116.    Defendants admit that Defendant Robert Taylor asked Plaintiff to describe the night he met Roe.  Defendants deny the remaining allegations in Paragraph 116.

117.    Defendants admit that Plaintiff and Defendant Robert Taylor generally discussed topics like those described in Paragraph 117.  Defendants deny the remaining allegations in Paragraph 117.

118.    Defendants admit that Plaintiff asked the question as alleged in Paragraph 118, but deny any inference that Roe merely "regretted" her sexual encounter with Plaintiff.  As found during Dordt's investigation, Roe was incapable of giving consent to sexual activity with Plaintiff because she was intoxicated from drinking alcohol Plaintiff furnished for her.

119. Defendants admit that Defendant Robert Taylor questioned Plaintiff, but deny the remaining allegations in Paragraph 119.

120. Defendants admit that Defendant Robert Taylor informed Plaintiff that Roe had reported the Plaintiff's sexual assault of her to local law enforcement. Defendants deny the remaining allegations in Paragraph 120.[4]

121. Defendants admit that Dordt provided Plaintiff with a no-contact order for Roe and S.S. Defendants lack sufficient information to admit the remaining allegations in Paragraph 121 and therefore deny them.

122. Defendants lack sufficient information to admit the allegations in Paragraph 122 and therefore deny them.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants admit that Defendant Howard Wilson provided a letter to Plaintiff on April 5, 2018 regarding his hearing before Dordt's Student Life Committee on April 6, 2018. Defendants deny the remaining allegations in Paragraph 124.

125. Defendants admit that Defendant Howard Wilson's April 5, 2018 letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants further state that the letter also referred Plaintiff to the relevant provisions of Dordt's Student Handbook and invited Plaintiff to direct any questions he may have to Defendant Howard Wilson. Defendants deny the remaining allegations in Paragraph 125.

126. Defendants admit that the April 5, 2018 letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants further state that the letter also referred Plaintiff to the relevant provisions of the Student

---

[4] Defendants lack sufficient information to admit whether Plaintiff faced criminal charges for his sexual assault of Roe and therefore deny same.

Handbook and invited Plaintiff to direct any questions he may have to Defendant Howard Wilson. Defendants deny the remaining allegations in Paragraph 126.

127.    Defendants admit that Plaintiff appeared before Dordt's Student Life Committee on April 6, 2018. Defendants deny that Plaintiff was not permitted to make statements, call witnesses, or ask questions. Defendants deny that Plaintiff was not apprised of the allegations against him. Defendants admit that Roe and other witnesses were not called to testify. Defendants deny the remaining allegations in Paragraph 127.

128.    Defendants admit that, after the hearing, they learned that a student member of the Student Life Committee had previously taken a class for which Plaintiff was a TA. Defendants further state that this student received a high grade in Plaintiff's course and demonstrated no bias during the hearing. Defendants further admit that Plaintiff did not raise any potential conflict issue during the hearing or in his appeal. Defendants deny the remaining allegations in paragraph 128.

129.    Defendants admit that Dordt's Student Life Committee asked Plaintiff approximately 15 questions related to the allegations of Misuse of Alcohol, Sexual Misconduct, and Sexual Assault. Defendants admit that those questions included questions about Plaintiff's admissions that he had previously violated Dordt's policies. Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants admit that Plaintiff was permitted to ask questions of and make arguments to Dordt's Student Life Committee. Defendants admit that Plaintiff asked the Student Life Committee to consider that, according to Plaintiff, Roe poured her own drinks and participated in the sexual activity. Defendants deny the remaining allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.     Defendants admit that Plaintiff was excused from his hearing before Dordt's Student Life Committee when the hearing ended.

133.     Defendants admit that, following the unanimous decision of Dordt's Student Life Committee, Defendant Howard Wilson provided Plaintiff with a letter outlining Dordt's decision (the "Decision Letter").  Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 133.

134.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants admit that Plaintiff was not provided with Dordt's Title IX investigation report prior to his appearance before Dordt's Student Life Committee.  Defendants deny the remaining allegations in Paragraph 134.

135.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 135.

136.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny that Defendant Howard Wilson made the final decision to expel Plaintiff from Dordt.  Rather, Dordt's Student Life Committee unanimously found that Plaintiff had violated Dordt's Student Code of Conduct and that he should be expelled.  Defendants deny the remaining allegations in Paragraph 136.

137.    Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 137.

138.    Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants further deny that Plaintiff was intoxicated when he sexually assaulted Roe because he admitted he was merely "buzzed" that night.  Defendants deny the remaining allegations in Paragraph 138.

139.    Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants further deny that Dordt's Student Life Committee failed to apply the "preponderance of the evidence" standard.  Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants admit that Dordt determined that Roe could not consent to sexual activity with Plaintiff because she was incapacitated from consuming the alcohol Plaintiff furnished for her.  Defendants deny the remaining allegations in Paragraph 141.

142.    Defendants admit that Dordt's Student Life Committee unanimously found Plaintiff responsible for violating Dordt's Misuse of Alcohol, Sexual Misconduct, and Sexual Assault policies.  Defendants deny the remaining allegations in Paragraph 142.

143.     Defendants admit that Plaintiff's conduct violated both the Sexual Misconduct and Sexual Assault policies.  Defendants deny the remaining allegations in Paragraph 143.

144.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny that Defendant Howard Wilson, alone, found that Plaintiff violated Dordt's Student Code of Conduct.  Dordt's Student Life Committee unanimously found that Plaintiff violated Dordt's Student Code of Conduct and that he should be expelled from school.  Defendants deny the remaining allegations in Paragraph 144.

145.     Defendants deny the allegations in Paragraph 145.

146.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the allegations in Paragraph 146.

147.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny that Dordt would not have permitted Plaintiff to graduate on time had he successfully appealed Dordt's Student Life Committee's decision.   Defendants deny the remaining allegations in Paragraph 147.

148.     Defendants admit that the Decision Letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny that Defendant Howard Wilson, alone, determined what sanctions would be imposed against Plaintiff for violating Dordt's Student Code of Conduct.   Dordt's Student Life Committee unanimously found that Plaintiff had violated Dordt's Student Code of Conduct and that he

should be expelled from school.  Defendants admit that Dordt required Plaintiff to vacate campus within 24 hours.  Defendants deny the remaining allegations in Paragraph 148.

149.    Defendants admit that Plaintiff was given written instructions regarding the appeals process for his Title IX liability finding (the "Appeal Document").  Defendants admit that the Appeal Document is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 149.

150.    Defendants admit that the Appeal Document is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny that Defendant Howard Wilson would review "his own decision."  Defendants deny the remaining allegations in Paragraph 150.

151.    Defendants admit that the Appeal Document is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 151.

152.    Defendants admit that the Appeal Document is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants admit that Plaintiff contacted Defendant Robert Taylor regarding his appeal and that Taylor confirmed for Plaintiff that he had seven days to submit his appeal.  Defendants further admit that Taylor instructed Plaintiff to contact Defendant Howard Wilson with any further questions regarding the appeal.  Defendants deny the remaining allegations in Paragraph 154.

155.    Defendants admit that Plaintiff submitted an appeal of Dordt's Student Life Committee's findings to Defendant Howard Wilson on April 16, 2018.  Defendants admit that the appeal is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants further deny that Plaintiff's appeal had merit and deny the remaining allegations in Paragraph 155.

156.    Defendants admit that Defendant Howard Wilson informed Plaintiff that he had submitted his appeal three days past the deadline for submission.  Defendants further admit that Dordt chose to overlook this late filing and consider Plaintiff's appeal on the merits.  Defendants admit that the Appeal Document did not specify a deadline of 5:00 p.m., but state that such detail is irrelevant given that Plaintiff missed the deadline by three days.

157.    Defendants admit that Defendant Howard Wilson corrected Plaintiff when he claimed that Defendant Robert Taylor had told him the appeal period was seven business days.  Defendants further admit that Plaintiff had not sought an extension of the deadline, and thus his appeal was untimely. Defendants further admit that Dordt chose to overlook this late filing and consider Plaintiff's appeal on the merits.   Defendants deny the remaining allegations in Paragraph 157.

158.    Defendants admit that Defendant Howard Wilson and Plaintiff had several email exchanges regarding the appeal process.   Defendants deny the remaining allegations in Paragraph 158.

159.    Defendants admit that Defendant Howard Wilson's April 27, 2018 letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

160.    Defendants deny the allegations set forth in Paragraph 160.

161.    Defendants admit that Defendant Howard Wilson's April 27, 2018 letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants admit that Defendant Howard Wilson's April 27, 2018 letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants admit that Dordt's Student Life Committee unanimously found that Plaintiff had violated Dordt's Student Code of Conduct and that he should be expelled. Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants admit that Defendant Howard Wilson and Plaintiff exchanged emails regarding Plaintiff's appeal.  That email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 165.

166.    Defendants admit that Plaintiff was banned from campus during the pendency of his appeal.  Defendants deny the remaining allegations in Paragraph 166.

167.    Defendants admit that Plaintiff stated that he had potentially misunderstood his conversation with Defendant Robert Taylor regarding the timeframe for his appeal and therefore requested that Defendant Howard Wilson consider the appeal anyway.  Defendants also admit that Plaintiff stated "[I] have been completely forthcoming about my poor decision making to the extent the accusations are true," for which Defendant Howard Wilson requested clarification so that he could understand Plaintiff's desired outcome on appeal.  Defendants further admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations

that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 167.

168.    Defendants admit that Plaintiff accepted responsibility for the violations of the Misuse of Alcohol policy and "perhaps" accepted responsibility for his violation of the Sexual Misconduct policy, but stated he disputed the finding of sexual assault and wanted a lesser sanction.  Defendants further admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 168.

169.    Defendants admit that Plaintiff offered to "meet" with Defendant Howard Wilson regarding his appeal, and that Defendant Howard Wilson agreed to "speak" with Plaintiff and to permit a silent personal supporter (for whom Plaintiff had provided a release) to attend that conversation.  Defendants further admit that the two exchanged several emails regarding this conversation.  That email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 169.

170.    Defendants admit that Defendant Howard Wilson informed Plaintiff that it was not necessary for him to come to campus for their conversation because Plaintiff was still banned from campus.  Defendants further admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 170.

171.    Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 171.

172.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants lack sufficient information to admit Plaintiff's motivation for his statements and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 172.

173.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 173.

174.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 174.

175.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 175.

176.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 176.

177.     Defendants admit that the email exchange is a written document that speaks for itself, and Defendants deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 177.

178.     Defendants admit that Dordt decided to consider Plaintiff's appeal despite its untimely filing and notified Plaintiff of that decision in writing on May 11, 2018.  Defendants deny the remaining allegations in Paragraph 178.

179.     Defendants admit that Dordt determined that it would review Plaintiff's April 16, 2018 appeal and informed him of that decision on May 11, 2018.  Defendants admit that Plaintiff did not receive credit for the Spring 2018 semester.  Defendants deny the remaining allegations in Paragraph 179.

180.     Defendants admit that Defendant Howard Wilson confirmed with Plaintiff his desire to move forward with his appeal.  Defendants deny the remaining allegations in Paragraph 180.

181.     Defendants admit that the Appeals Committee met on May 14, 2018 and decided to deny the appeal.  Defendants further admit that on May 16, 2018, Defendant Howard Wilson provided Plaintiff with a memorandum created by Dr. Timothy Van Soelen, the Title IX Appeals Committee Chair, regarding the denial of Plaintiff's appeal.  Defendants admit that the memorandum did not identify each of the members of the Appeals Committee by name, but note that Defendant Howard Wilson's May 11, 2018 letter described the Appeals Committee members.  Defendants deny the remaining allegations in Paragraph 181.

182.     Defendants admit that Dordt made the determination to consider Plaintiff's untimely appeal, gathered the relevant record documents, spoke with supporters named by Plaintiff in his appeal, convened an Appeals Committee, and provided a decision on that appeal to Plaintiff during the time period of April 16, 2018 to May 16, 2018.  Defendants deny the remaining allegations in Paragraph 182.

183.     Defendants admit that the Spring 2018 semester concluded during the pendency of Plaintiff's appeal, which Dordt denied.  Defendants deny the remaining allegations in Paragraph 183.

184.    Defendants admit that the Appeal Outcome letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 184.

185.    Defendants admit that the Appeal Outcome letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 185.

186.    Defendants admit that the Appeal Outcome letter is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants admit that Plaintiff's appeal failed to establish permissible grounds for granting an appeal as stated in Dordt's Student Handbook and Dordt's Title IX Appeals Process document. Defendants deny the remaining allegations in Paragraph 186.

187.    Defendants admit that Plaintiff exhausted his avenues for appeal under Dordt's policies.  Defendants deny the remaining allegations in Paragraph 187.

## C.    Defendants Deny the Allegations in Plaintiff's Subheading II(C)

188.    Defendants lack sufficient information to admit Plaintiff's allegations about his attempts to seek admission at other institutions or about his beliefs and therefore deny them.

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants admit the allegations in Paragraph 190.

191.    Defendants admit that Defendant Howard Wilson's email in response to Plaintiff's inquiry is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 191.

192.    Defendants admit the allegations in Paragraph 192.

193.    Defendants admit the allegations in Paragraph 193.

194.     Defendants admit that Plaintiff and Dordt's representatives generally discussed topics like those described in Paragraph 194.  Defendants deny the remaining allegations in Paragraph 194.

195.     Defendants admit that Defendants Wilson and Taylor and Dean of Chapel Aaron Baart were open during their interview of Plaintiff, had some positive reactions to what Plaintiff shared with them, and that they were hopeful that Plaintiff might be able to be readmitted to Dordt.  Defendants deny the remaining allegations in paragraph 195.

196.     Defendants admit the allegations in Paragraph 196.

197.     Defendants admit that toward the end of the interview, Defendant Howard Wilson told Plaintiff that he had some questions for him.  Defendants deny the remaining allegations in Paragraph 197.

198.     Defendants admit the allegations in Paragraph 198.

199.     Defendants admit that Plaintiff generally responded as stated in Paragraph 199. Defendants deny that Defendant Howard Wilson told Plaintiff his response was "unsatisfactory," but admit that Defendant Howard Wilson restated the question.  Defendants deny the remaining allegations in Paragraph 199.

200.     Defendants admit that Plaintiff refused to answer the question posed to him during his interview.  Defendants deny the remaining allegations in Paragraph 200.

201.     Defendants deny the allegations in Paragraph 201.

202.     Defendants admit that the email correspondence between Ms. Tina Lawrence and Plaintiff is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 202.

203.    Defendants admit the allegations in Paragraph 203, except that Dordt's second readmission interview of Plaintiff occurred on April 22, 2019.

204.    Defendants are not in possession of the recording of this telephone conversation and thus are unable to confirm whether the allegations in Paragraph 204 contain a direct and complete quote of that conversation.  Defendants therefore deny the allegations in Paragraph 204 and call on Plaintiff to prove same.

205.    Defendants are not in possession of the recording of this telephone conversation and thus are unable to confirm whether the allegations in Paragraph 205 contain an accurate and complete quote.  Defendants therefore deny the allegations in Paragraph 205.

206.    Defendants are not in possession of the recording of this telephone conversation and thus are unable to confirm whether the allegations in Paragraph 206 contain an accurate and complete quote of that conversation.   Defendants therefore deny the allegations in Paragraph 206.

207.    Defendants are not in possession of the recording of this telephone conversation and thus are unable to confirm whether the allegations in Paragraph 207 contain an accurate and complete quote of that conversation.  Defendants therefore deny the allegations in Paragraph 207.

208.    Defendants admit that the Statement is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 208.

209.    Defendants admit that the Statement is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants admit that the Statement sought to confirm that Plaintiff was repentant for his actions and that Plaintiff

would not engage in similar behavior if readmitted to Dordt. Defendants deny the remaining allegations in Paragraph 209.

210. Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 210.

211. Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 211.

212. Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 212.

213. Defendants deny the allegations in Paragraph 213.

214. Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

215. Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 215.

216.    Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

217.    Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants further admit that Defendant Howard Wilson mentioned Dordt's concern over Plaintiff's refusal to affirm that Plaintiff had taken positive steps to change his problematic behavior.

218.    Defendants admit that the email correspondence between Plaintiff and Defendant Howard Wilson is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants further admit that the email correspondence made clear that Dordt was concerned about Plaintiff's capacity to take responsibility for his actions and to take the steps necessary to change his behavior moving forward.  Defendants deny the remaining allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants admit that Defendant Howard Wilson inquired about whether Plaintiff would be "willing to consider the option" of completing his degree online, which would permit him to finish his degree sooner.  Defendants further admit that Plaintiff stated he was "very interested" in the option to complete his degree off campus, and thus Dordt granted him limited early readmission on that basis.  Defendants further admit that Plaintiff expressed gladness that he could complete his degree through online classes.  Defendants deny the remaining allegations in Paragraph 220.

221.    Defendants admit the allegations in Paragraph 221.

222. Defendants admit the allegations in Paragraph 222.

223. Defendants deny the allegations in Paragraph 223.

224. Defendants deny the allegations in Paragraph 224.

225. Defendants deny the allegations in Paragraph 225.

**III.** **Defendants Deny the Allegations in Plaintiff's Subheading III**

    **A.** **Defendants Deny the Allegations in Plaintiff's Subheading III(A)**

226. Defendants admit the allegations in Paragraph 226.

227. Defendants admit the allegations in Paragraph 227.

228. Defendants admit the allegations in Paragraph 228.

229. Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 229.

230. Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 230.

231. Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 231.

232. Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 232.

233. Defendants deny the allegations in Paragraph 233.

234.    Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny that Dordt maintains any presumption that sexual assault victims are universally female. Dordt's Reporting Sexual Assaults and Sexual Assault policies are written in gender neutral terms and specifically state that "sexual misconduct can be committed by men or women." Defendants deny the remaining allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235. Defendants deny that Dordt's Student Handbook is Dordt's only document that addresses sexual assault or its investigations and adjudication.[5]

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants admit that the Annual Security Report also contains a statement regarding Title IX and can be found in the Publications section of Dordt's website. Defendants further admit that the Annual Security Report is not referenced in the Student Handbook. Defendants deny the remaining allegations in Paragraph 238.

239.    Defendants deny the allegations in Paragraph 239.

240.    Paragraph 240 states a legal conclusion to which no response is required. To the extent Paragraph 240 is deemed to contain factual allegations, Defendants deny them.

241.    Paragraph 241 states a legal conclusion to which no response is required. To the extent Paragraph 241 is deemed to contain factual allegations, Defendants deny them.

242.    Paragraph 242 states a legal conclusion to which no response is required. To the extent Paragraph 242 is deemed to contain factual allegations, Defendants deny them.

---

[5] Defendants admit that the Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Footnote 5.

243. Paragraph 243 states a legal conclusion to which no response is required. To the extent Paragraph 243 is deemed to contain factual allegations, Defendants deny them.

244. Paragraph 244 states a legal conclusion to which no response is required. To the extent Paragraph 244 is deemed to contain factual allegations, Defendants deny them.

245. Paragraph 245 states a legal conclusion to which no response is required. To the extent Paragraph 245 is deemed to contain factual allegations, Defendants deny them.

246. Paragraph 246 states a legal conclusion to which no response is required. To the extent Paragraph 246 is deemed to contain factual allegations, Defendants deny them.

247. Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 247.[67]

248. Defendants deny the allegations in Paragraph 248.

249. Defendants deny the allegations in Paragraph 249.

250. Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 250.

251. Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 251.

---

[6] Defendants admit that the Annual Security Report is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.

[7] Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Footnote 7.

### B.    Defendants Deny the Allegations in Plaintiff's Subheading III(B)

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 253.[8]

254.    Defendants admit that the Appeal Document and Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 254.

255.    Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them. Defendants deny the remaining allegations in Paragraph 255.

256.    Defendants deny the allegations in Paragraph 256.

### C.    Defendants Deny the Allegations in Plaintiff's Subheading III(C)

257.    Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

---

[8] Defendants admit that the Annual Security Report is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Footnote 8.

261.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 261.

262.    Defendants deny the allegations in Paragraph 262.

263.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 263.

264.    Defendants deny the allegations in Paragraph 264.

265.    Defendants admit that the U.S. Department of Education's 2017 Q&A is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it.  Defendants deny the remaining allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

**IV.    Plaintiff's Damages.**

268.    Defendants deny the allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

272.    Defendants deny the allegations in Paragraph 272.

273.    Defendants deny the allegations in Paragraph 273.

274.    Defendants deny the allegations in Paragraph 274.

275.    Defendants deny the allegations in Paragraph 275.

276.    Defendants deny the allegations in Paragraph 276.

## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of Title IX of the Education Amendments of 1972, 20. U.S.C. § 1681 *et seq.*- Erroneous Outcome
### (Against Defendant Dordt University)

277.    Defendants incorporate by reference each and every response above as if fully set forth herein.

278.    Paragraph 278 states a legal conclusion to which no response is required.  To the extent Paragraph 278 is deemed to contain factual allegations, Defendants deny them.

279.    Paragraph 279 states a legal conclusion to which no response is required.  To the extent Paragraph 279 is deemed to contain factual allegations, Defendants deny them.

280.    Paragraph 280 states a legal conclusion to which no response is required.  To the extent Paragraph 280 is deemed to contain factual allegations, Defendants deny them.

281.    Paragraph 281 states a legal conclusion to which no response is required. To the extent Paragraph 281 is deemed to contain factual allegations, Defendants deny them.

282.    Paragraph 282 states a legal conclusion to which no response is required.  To the extent Paragraph 282 is deemed to contain factual allegations, Defendants deny them.

283.    Paragraph 283 states a legal conclusion to which no response is required.  To the extent Paragraph 283 is deemed to contain factual allegations, Defendants deny them.

284.    Paragraph 284 states a legal conclusion to which no response is required.  To the extent Paragraph 284 is deemed to contain factual allegations, Defendants deny them.

285.    Defendants deny the allegations in Paragraph 285.

286.    Defendants deny the allegations in Paragraph 286.[9]

287.    Defendants deny the allegations in Paragraph 287.

288.    Defendants deny the allegations in Paragraph 288.

---

[9] Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them.  Defendants deny the remaining allegations in Footnote 9.

289. Defendants deny the allegations in Paragraph 289.

290. Defendants deny the allegations in Paragraph 290.

291. Defendants deny the allegations in Paragraph 291 and deny that Plaintiff is entitled to any relief.[10]

**AS AND FOR A SECOND CAUSE OF ACTION**
**Violation of Title IX of the Education Amendments of 1972, 20. U.S.C. § 1681 *et seq.*-**
**Selective Enforcement**
**(Against Defendant Dordt University)**

292. Defendants incorporate by reference each and every response above as if fully set forth herein.

293. Paragraph 293 states a legal conclusion to which no response is required. To the extent Paragraph 293 is deemed to contain factual allegations, Defendants deny them.

294. Paragraph 294 states a legal conclusion to which no response is required. To the extent Paragraph 294 is deemed to contain factual allegations, Defendants deny them.

295. Paragraph 295 states a legal conclusion to which no response is required. To the extent Paragraph 295 is deemed to contain factual allegations, Defendants deny them.

296. Paragraph 296 states a legal conclusion to which no response is required. To the extent Paragraph 296 is deemed to contain factual allegations, Defendants deny them.

297. Paragraph 297 states a legal conclusion to which no response is required. To the extent Paragraph 297 is deemed to contain factual allegations, Defendants deny them.

298. Paragraph 298 states a legal conclusion to which no response is required. To the extent Paragraph 298 is deemed to contain factual allegations, Defendants deny them.

299. Paragraph 299 states a legal conclusion to which no response is required. To the extent Paragraph 299 is deemed to contain factual allegations, Defendants deny them.

---

[10] Defendants admit that Plaintiff obtained his degree from Dordt University prior to filing this lawsuit.

300.     Defendants deny the allegations in Paragraph 300.

301.     Defendants deny the allegations in Paragraph 301.

302.     Defendants deny the allegations in Paragraph 302.

303.     Defendants deny the allegations in Paragraph 303.

304.     Defendants admit that President Erik Hoekstra has stated that Dordt takes sexual assault seriously and that Dordt will not tolerate sexual assault on its campus.  Defendants deny the remaining allegations in Paragraph 304.

305.     Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 305.

306.     Defendants deny the allegations in Paragraph 306.[11]

307.     Defendants deny the allegations in Paragraph 307.

308.     Defendants deny the allegations in Paragraph 308.

309.     Defendants deny the allegations in Paragraph 309 and deny that Plaintiff is entitled to any relief.

### AS AND FOR A THIRD CAUSE OF ACTION
**Violation of Title IX of the Education Amendments of 1972, 20. U.S.C. § 1681 *et seq.*-
Retaliation
(Against Defendant Dordt University)**

310.     Defendants incorporate by reference each and every response above as if fully set forth herein.

311.     Paragraph 311 states a legal conclusion to which no response is required.  To the extent Paragraph 311 is deemed to contain factual allegations, Defendants deny them.

---

[11] Defendants admit that Dordt's policies are written documents that speak for themselves and deny any allegations that misstate, mischaracterize, or misconstrue them.  Defendants deny the remaining allegations in Footnote 11.

37

312. Paragraph 312 states a legal conclusion to which no response is required. To the extent Paragraph 312 is deemed to contain factual allegations, Defendants deny them.

313. Paragraph 313 states a legal conclusion to which no response is required. To the extent Paragraph 313 is deemed to contain factual allegations, Defendants deny them.

314. Paragraph 314 states a legal conclusion to which no response is required. To the extent Paragraph 314 is deemed to contain factual allegations, Defendants deny them.

315. Paragraph 315 states a legal conclusion to which no response is required. To the extent Paragraph 315 is deemed to contain factual allegations, Defendants deny them.

316. Defendants admit that Plaintiff informed Dordt that he had consulted with an attorney during the pendency of his disciplinary appeal. Defendants deny the remaining allegations in Paragraph 316.

317. Defendants admit that Plaintiff alleged in his appeal that Dordt had not followed federal guidance on Title IX. Defendants deny the remaining allegations in Paragraph 317.

318. Defendants deny the allegations in Paragraph 318.

319. Defendants deny the allegations in Paragraph 319.

320. Defendants deny the allegations in Paragraph 320.

321. Defendants deny the allegations in Paragraph 321.

322. Defendants deny the allegations in Paragraph 322 and deny that Plaintiff is entitled to any relief.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Common Law Due Process: Fundamental Fairness in School Disciplinary Proceedings
### (Against Defendant Dordt University)

323. Defendants incorporate by reference each and every response above as if fully set forth herein.

324.    Paragraph 324 states a legal conclusion to which no response is required.  To the extent Paragraph 324 is deemed to contain factual allegations, Defendants deny them.

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants deny the allegations in Paragraph 327.

328.    Defendants deny the allegations in Paragraph 328.

329.    Defendants deny the allegations in Paragraph 329.

330.    Defendants deny the allegations in Paragraph 330.

331.    Defendants deny the allegations in Paragraph 331 and deny that Plaintiff is entitled to any relief.

<u>**AS AND FOR A FIFTH CAUSE OF ACTION**</u><br>**Breach of Contract**<br>**(Against Defendant Dordt University)**

332.    Defendants incorporate by reference each and every response above as if fully set forth herein.

333.    Paragraph 333 states a legal conclusion to which no response is required.  To the extent Paragraph 333 is deemed to contain factual allegations, Defendants deny them.

334.    Paragraph 334 states a legal conclusion to which no response is required.  To the extent Paragraph 334 is deemed to contain factual allegations, Defendants deny them.

335.    Defendants admit that Dordt's Student Handbook is a written document that speaks for itself and deny any allegations that misstate, mischaracterize, or misconstrue it. Defendants deny the remaining allegations in Paragraph 335.

336.    Paragraph 336 states a legal conclusion to which no response is required.  To the extent Paragraph 336 is deemed to contain factual allegations, Defendants deny them.

337. Paragraph 337 states a legal conclusion to which no response is required. To the extent Paragraph 337 is deemed to contain factual allegations, Defendants deny them.

338. Defendants deny the allegations in Paragraph 338.

339. Defendants deny the allegations in Paragraph 339.

340. Defendants deny the allegations in Paragraph 340.

341. Defendants deny the allegations in Paragraph 341.

342. Defendants deny the allegations in Paragraph 342.

343. Defendants deny the allegations in Paragraph 343.

344. Defendants deny the allegations in Paragraph 344.

345. Defendants deny the allegations in Paragraph 345 and deny that Plaintiff is entitled to any relief.

<u>AS AND FOR A SIXTH CAUSE OF ACTION</u>
**Breach of Implied Contract/Quasi Contract**
**(Against Defendant Dordt University)**

346. Defendants incorporate by reference each and every response above as if fully set forth herein.

347. Defendants deny the allegations in Paragraph 347.

348. Defendants are without sufficient information to admit the expectations Plaintiff formed and therefore deny the allegations in Paragraph 348.

349. Paragraph 349 states a legal conclusion to which no response is required. To the extent Paragraph 349 is deemed to contain factual allegations, Defendants deny them.

350. Paragraph 350 states a legal conclusion to which no response is required. To the extent Paragraph 350 is deemed to contain factual allegations, Defendants deny them.

351. Defendants deny the allegations in Paragraph 351.

352.    Defendants deny the allegations in Paragraph 352.

353.    Defendants deny the allegations in Paragraph 353 and deny that Plaintiff is entitled to any relief.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**Negligence**
**(Against Defendants Dordt University, Wilson, Taylor, Buteyn, and Olson)**

354.    Defendants incorporate by reference each and every response above as if fully set forth herein.

355.    Paragraph 355 states a legal conclusion to which no response is required.  To the extent Paragraph 355 is deemed to contain factual allegations, Defendants deny them.

356.    Paragraph 356 states a legal conclusion to which no response is required.  To the extent Paragraph 356 is deemed to contain factual allegations, Defendants deny them.

357.    Defendants deny the allegations in Paragraph 357.

358.    Defendants deny the allegations in Paragraph 358.

359.    Defendants deny the allegations in Paragraph 359.

360.    Defendants deny the allegations in Paragraph 360.

361.    Defendants deny the allegations in Paragraph 361.

362.    Defendants deny the allegations in Paragraph 362.

363.    Defendants deny the allegations in Paragraph 363 and deny that Plaintiff is entitled to any relief.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**Respondeat Superior**
**(Against Defendants Dordt University and Dordt University Board of Trustee)**

364.    Defendants incorporate by reference each and every response above as if fully set forth herein.

365.     Paragraph 365 states a legal conclusion to which no response is required.  To the extent Paragraph 365 is deemed to contain factual allegations, Defendants deny them.

366.     Paragraph 366 states a legal conclusion to which no response is required.  To the extent Paragraph 366 is deemed to contain factual allegations, Defendants deny them.

367.     Defendants admit that Defendants Wilson, Taylor, Buteyn, and Olson have "roles" in enforcement, investigation, and adjudication of student disciplinary matters as part of their regular employment duties.  Defendants deny the remaining allegations in Paragraph 367.

368.     Defendants deny the allegations in Paragraph 368.

369.     Defendants deny the allegations in Paragraph 369.

370.     Defendants deny the allegations in Paragraph 370.

371.     Defendants deny the allegations in Paragraph 371 and deny that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

Defendants deny the averments contained in Plaintiff's Prayer for Relief and deny that Plaintiff is entitled to any relief or damages.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof on any elements that already belongs to Plaintiff, Defendants assert the following Affirmative Defenses:

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims fail because there was no meeting of the minds.

3.     Plaintiff possesses an adequate remedy at law.

4.     Defendants owed Plaintiff no duty of care.

5.     Plaintiff's claims are barred by the doctrine of unclean hands.

6.      Plaintiff has failed to mitigate some or all of his claimed damages.

7.      Plaintiff's claims are barred by the doctrine of estoppel.

8.      Plaintiff failed to exhaust his administrative remedies.

WHEREFORE, Defendants, Dordt University f/k/a Dordt College, Dordt University Board of Trustees, Howard Wilson, Robert Taylor, Derek Buteyn, and Erin Olson pray that Plaintiff's Complaint be dismissed with prejudice and that the Court award Defendants their costs, expenses, reasonable attorneys' fees as provided by law, and any other relief the Court deems just and appropriate.


Dated this 4th day of February, 2020


                              DORDT UNIVERSITY F/K/A DORDT COLLEGE;
                              DORDT UNIVERSITY BOARD OF TRUSTEES;
                              HOWARD WILSON, ROBERT TAYLOR, DEREK
                              BUTEYN, AND ERIN OLSON, Defendants,


                    By:     /s/Heidi A. Guttau
                              Heidi A. Guttau (IA #15513)
                              George E. Martin III (pro hac pending)
                              Leigh Campbell Joyce (pro hac pending)
                              Michael Roccaforte (pro hac pending)
                    of      BAIRD HOLM LLP
                              1700 Farnam Street
                              Suite 1500
                              Omaha, NE  68102-2068
                              Phone:  402-344-0500
                              Email:  hguttau@bairdholm.com
                                        gmartin@bairdholm.com
                                        lcampbell@bairdholm.com
                                        mroccaforte@bairdholm.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of February, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David Goldman
Babich Goldman, P.C.
501 SW 7th Street, Suit J
Des Moines, IA 50309
dgoldman@babichgoldman.com

Andrew T. Miltenberg
Stuart Bernstein
Adrienne Levy
363 Seventh Avenue, Fifth Floor
New York, NY 10001
amiltenberg@nmllplaw.com
abernstein@nmllplaw.com
alevy@nmllplaw.com

And I hereby do certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

None

/s/Heidi A. Guttau

DOCS/2393134.5