## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

JOHN DOE,

        Plaintiff,

vs.

DORDT UNIVERSITY; DORDT
UNIVERSITY BOARD OF TRUSTEES;
and HOWARD WILSON, ROBERT
TAYLOR, DEREK BUTEYN, and
ERIN OLSON, Individually and as
Agents for Dordt University;

        Defendants.

No.  19-CV-4082-CJW-KEM

**ORDER**

———————————

    Plaintiff moves[1] to proceed under pseudonym.  Doc. 2.  Plaintiff, a former student at Dordt University, filed claims against Defendants alleging gender discrimination and retaliation under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq., common law due process violations, breaches of contract, and negligence. Defendants filed an answer on February 4, 2020.  Doc. 12.  Defendants have filed no resistance to Plaintiff's motion, and the deadline for responding to the motion has passed. *See* Doc. 5, 13.

    Federal Rule of Civil Procedure 10(a) requires a complaint name all parties in the case.  Courts have recognized exceptions to this general rule, allowing a party to proceed under a pseudonym when other interests outweigh the public's interest in knowing the identities of parties in a case.  ***Doe v. Hartz***, 52 F. Supp. 2d 1027, 1045-47 (N.D. Iowa

---

[1] Plaintiff requested oral argument on the motion (Doc. 2 at 2), but the court finds argument unnecessary.  *See* LR 7(c).

1999); *Heather K. by Anita K. v. City of Mallard, Iowa*, 887 F. Supp 1249, 1255 (N.D. Iowa 1995). Other courts having analyzed similar facts—actions arising from investigations by universities or colleges involving sexual misconduct allegations against students—have allowed plaintiffs to proceed by pseudonym. *See Doe v. Purdue Univ.*, No. 4:19-CV-56-TLS-JPK, 2019 WL 3887165, at *2-4 (N.D. Ind. Aug. 19, 2019) (analyzing relevant factors); *Doe v. Colgate Univ.*, 15–CV–1069 (LEK) (DEP), 2016 WL 1448829, at *2-4 (N.D.N.Y. Apr. 12, 2016); *Doe v. Baum*, 903 F.3d 575 (6th Cir. 2018); *Doe v. Grinnell Coll.*, No. 17-CV-00079 (RGE) (SBJ) (S.D. Iowa July 10, 2017), ECF No. 39 (collecting cases). As discussed in those cases, the court notes this case involves intimate details of sexual contact between two college students (neither one named in the complaint), that naming Plaintiff would result in the type of harm to reputation he seeks to avoid by bringing this action, and that Defendants make no assertion that allowing Plaintiff to proceed by pseudonym would impede their defense or cause prejudice. *See id.*

IT IS ORDERED Plaintiff's motion to proceed under a pseudonym (Doc. 2) is **granted**. Plaintiff shall be allowed to proceed by pseudonym and the parties shall not publicly identify Plaintiff in court filings or otherwise.

IT IS SO ORDERED this 3rd day of March, 2020.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa