

UNITED STATES DEPARTMENT OF EDUCATION
OFFICE FOR CIVIL RIGHTS

**September 2017**

**Q&A on Campus Sexual Misconduct**

Under Title IX of the Education Amendments of 1972 and its implementing regulations, an institution that receives federal funds must ensure that no student suffers a deprivation of her or his access to educational opportunities on the basis of sex. The Department of Education intends to engage in rulemaking on the topic of schools' Title IX responsibilities concerning complaints of sexual misconduct, including peer-on-peer sexual harassment and sexual violence. The Department will solicit input from stakeholders and the public during that rulemaking process. In the interim, these questions and answers—along with the *Revised Sexual Harassment Guidance* previously issued by the Office for Civil Rights[1]—provide information about how OCR will assess a school's compliance with Title IX.

**SCHOOLS' RESPONSIBILITY TO ADDRESS SEXUAL MISCONDUCT**

Question 1:

What is the nature of a school's responsibility to address sexual misconduct?

Answer:

Whether or not a student files a complaint of alleged sexual misconduct or otherwise asks the school to take action, where the school knows or reasonably should know of an incident of sexual misconduct, the school must take steps to understand what occurred and to respond appropriately.[2] In particular, when sexual misconduct is so severe, persistent, or pervasive as to deny or limit a student's ability to participate in or benefit from the school's programs or activities, a hostile environment exists and the school must respond.[3]

---

[1] Office for Civil Rights, *Revised Sexual Harassment Guidance* (66 Fed. Reg. 5512, Jan. 19, 2001), *available at* https://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf [hereinafter 2001 Guidance]; *see also* Office for Civil Rights, Dear Colleague Letter on Sexual Harassment (Jan. 25, 2006), *available at* https://www2.ed.gov/about/offices/list/ocr/letters/sexhar-2006.html.

[2] 2001 Guidance at (VII).

[3] *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 631 (1999); 34 C.F.R. § 106.31(a); 2001 Guidance at (V)(A)(1). Title IX prohibits discrimination on the basis of sex "under any education program or activity" receiving federal financial assistance, 20 U.S.C. § 1681(a); 34 C.F.R. § 106.1, meaning within the "operations" of a postsecondary institution or school district, 20 U.S.C. § 1687; 34 C.F.R. § 106.2(h). The Supreme Court has explained that the statute "confines the scope of prohibited conduct based on the recipient's degree of control over the harasser and the environment in which the harassment occurs." *Davis*, 526 U.S. at 644. Accordingly, OCR has informed institutions that "[a] university does not have a duty under Title IX to address an incident of alleged harassment where the incident occurs off-campus and does not involve a program or activity of the recipient." Oklahoma State University Determination Letter at 2, OCR Complaint No. 06-03-2054 (June 10, 2004); *see also* University of Wisconsin-Madison Determination Letter, OCR Complaint No. 05-07-2074 (Aug. 6, 2009) ("OCR determined that the alleged assault did not occur in the context of an educational program or activity operated by the University."). Schools are responsible for redressing a hostile environment that occurs on campus even if it relates to off-campus activities. Under the Clery Act, postsecondary institutions are obliged to collect and report statistics on crimes that occur on campus, on noncampus properties controlled by the institution or an affiliated student organization and used for educational purposes, on public property within or immediately adjacent to campus, and in areas within the patrol jurisdiction of the campus police or the campus security department. 34 C.F.R. § 668.46(a); 34 C.F.R. § 668.46(c).

1
PLTF 000024